UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JANINE J. SESA,

                                         **Plaintiff,**          13-CV-02670 (AT)(SN)

               -against-                         **REPORT AND
                                                                        RECOMMENDATION**

CAROLYN COLVIN,

                                          **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE ANALISA TORRES:**

      Janine J. Sesa sued the Commissioner of Social Security under 42 U.S.C. § 405(g) to challenge the denial of her application for disability insurance benefits. The Court (Patterson, J.), granted the Commissioner's motion for judgment on the pleadings, and Sesa appealed. The Court of Appeals reversed, holding that the Administrative Law Judge erred as a matter of law by failing to consult a vocational expert to determine whether Sesa's purported reaching impairment prevented her from working.

      Sesa now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposes this motion on the ground that the hours billed by Sesa's counsel are unreasonably excessive. I recommend granting Sesa's motion in part.

### DISCUSSION

**I.    EAJA Attorney's Fees**

      Under the EAJA, "a court may award reasonable fees and expenses of attorneys" to a prevailing party in an action against the United States. 28 U.S.C. § 2412(d)(1)(A). Eligibility for

a fee award requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; and (3) that no 'special circumstances make an award unjust.'" Gomez-Beleno v. Holder, 644 F.3d 139, 144 (2d Cir. 2011) (alterations and internal quotation marks omitted). "The EAJA was enacted to decrease the chance that certain individuals may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of rights." Green v. Bowen, 877 F.2d 204, 206 (2d Cir. 1989) (alternation and internal quotation marks omitted).

The Commissioner does not contest that Sesa was a "prevailing party," within the meaning of the EAJA or that her attorney should be awarded attorney's fees. The Commissioner challenges only the *amount* of fees claimed by Sesa's attorney.

## II.    Reasonableness of Fees Under the EAJA

"EAJA fees are determined not by the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,' § 2412(d)(1)(B)." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (alteration omitted). Courts have broad discretion to determine the amount of time reasonably expended on the litigation. See Aston v. Secretary of Health and Human Servs., 808 F.2d 9, 11 (2d Cir. 1986). One factor to consider is "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). When evaluating a fee application, a court need not "scrutinize each action taken or the time spent on it." Aston, 808 F.2d at 11. Instead, the court may simply apply a percentage cut "as a practical means of trimming fat from a fee application." New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983).

Sesa's counsel seeks $11,662.87 in attorney's fees, representing 62.21 hours of work billed at just under $200 an hour. He also seeks $903.41 in costs, consisting of $350 for the district court filing fee, $505 for the appeal fee, and $48.41 in postage. He argues that these fees are reasonable given the difficulty of winning a Social Security case in the Second Circuit and the high quality of lawyering that our courts demand. He points to a number of Social Security cases from the 1980s and 1990s in which courts found fee applications of over 100 hours to be reasonable. See ECF No. 32 at 8 n.11 (Mem. of Law).

The Commissioner counters that courts in this circuit have more recently held that 20 to 40 hours is a reasonable amount of time to spend on a Social Security case. See ECF No. 47 at 3-4 (Mem. of Law). She argues that the 385-page administrative record did not require hours of review; it was short by Social Security standards. Nor did the case present any novel factual or legal issues. In fact, the determinative question was a straightforward application of Selian v. Astrue, 708 F.3d 409 (2d Cir. 2013), which held that an ALJ must consult a vocational expert when a claimant alleges a reaching impairment. Given these circumstances, Sesa's highly experienced counsel should not have exceeded the presumptive 20-to-40 hour average for Social Security cases.

A presumption can be overcome by evidence, and, having reviewed the filings in this case, I accept counsel's contemporary time records as proof that it took longer than 40 hours to reasonably brief this case. Nonetheless, I recommend cutting the fee application by 15 percent to account for several entries related to administrative tasks, such as "Serve United States District Court," that should not have been billed at counsel's full rate. See ECF No. 31-4 at 1. Rather than line-edit counsel's time records, the Court concludes that a percentage cut is "a practical means of trimming fat" from this application. Carey, 711 F.2d at 1146.

The request for costs should be reduced by $505 because the Court of Appeals has already awarded the cost of filing Sesa's appeal to her appellate counsel. See ECF No. 51.

## CONCLUSION

Based on the foregoing, I recommend GRANTING the motion in part. Sesa's counsel should be awarded $9,913.44 in attorney's fees and $398.41 in costs.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         June 1, 2016

\*            \*            \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Torres. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).